UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DANIEL A. CEA and RAYMOND BOWLEY,  :
                                         Plaintiffs,      :      11-cv-3791 (NSR)
     -against-                             :
                                                      :      MEMORANDUM OPINION
ACCESS 23 TV,                            :      AND ORDER
                         Defendant.                   :
-----------------------------------------------------------------X
NELSON S. ROMÁN, United States District Judge:

       Before the Court is Defendant Access 23 TV's ("Defendant") motion for summary judgment against Plaintiffs Daniel A. Cea and Raymond Bowley ("Plaintiffs"). The Court presumes familiarity with the facts of this case, previously recounted in its Memorandum Opinion and Order issued on September 8, 2014. (*See* Docket No. 68.) For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

       Russell Potter and Karl Brabenec were previously defendants in this case. On September 8, 2014, this Court granted their motions for summary judgment, concluding that "Plaintiffs ha[d] no admissible evidence tending to demonstrate that Potter or Brabenec were involved in a conspiracy to deprive Cea of his right to free speech." (Docket No. 68 at 13.)

       On October 2, 2014, Defendant notified the Court of its intention to file a motion for summary judgment and the Court set a pre-motion conference for November 5, 2014. (*See* Docket No. 70.) On October 24, 2014, Defendant submitted a "pre-conference statement" explaining that Defendant would move for summary judgment "[u]pon the same grounds as set forth in defendants Russell Potter and Karl Brabanec's Motion for Summary Judgment and the grounds for the Memorandum Opinion and Order" of this Court. (Docket No. 71.) Defendant

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2015

filed its "Notice of Motion," "Affidavit," and "Rule 56.1 Statement" in support of its motion for summary judgment on or about December 19, 2014.  (*See* Docket Nos. 77-81.)  Although Defendant's Notice of Motion makes reference to an "accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss dated December 19, 2014," no such memorandum was filed with the Court.

## DISCUSSION

**I.     Defendant Has Failed To Comply With Local Civil Rules 7.1 and 56.1**

*A.     Applicable Procedural Rules and Law*

Local Civil Rule 7.1 of the United States District Courts for the Southern and Eastern Districts of New York requires all motions to include "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined."  S.D.N.Y. Loc. Civ. R. 7.1(a)(2).  The "'failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion.  It is not necessary to reach the merits.'"  *Avillan v. Donahoe*, No. 13 Cv. 509 (PAE), 2015 WL 728169, at *6 (S.D.N.Y. Feb. 19, 2015) (quoting *Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co.*, No. 98 Cv. 5045 (JFK), 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000)).  Neither an affidavit nor an affirmation will satisfy Rule 7.1's memorandum requirement.  *See Burroughs v. Chase Manhattan Bank, N.A.*, No. 01 Cv. 1929 (BSJ), 2004 WL 350728, at *2 (S.D.N.Y. Feb. 25, 2004) (affirmation alone is insufficient); *Versace v. Versace*, No. 01 Cv. 9645 (PKL)(THK), 2003 WL 22023946, at *5 (S.D.N.Y. Aug. 27, 2003) (affidavit is insufficient).  *See also Greenstreet Fin., L.P. v. CS-Graces, LLC*, No. 07 Cv. 8005 (KNF), 2011 WL 7555324, at *4 (S.D.N.Y. Apr. 18, 2011) (attorney affirmation insufficient to comply with Rule 7.1).

Local Civil Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York requires motions for summary judgment to include the following:

> (a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.
>
> [. . .]
>
> (d) Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).

S.D.N.Y. Loc. Civ. R. 56.1(a) & (d). "This rule—simple to understand and apply—is designed to assist the Court by narrowing the scope of the issues to be adjudicated and identifying the facts relevant and admissible to that determination." *Potash v. Florida Union Free School Dist.*, 972 F. Supp. 2d 557, 564 n.1 (S.D.N.Y. 2013); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.").

B.   *Defendant's Filings Violate the Local Rules*

Defendant did not file a memorandum of law in support of its motion for summary judgment and therefore violated Local Civil Rule 7.1. Instead, Defendant's counsel, William A. Brenner, submitted a personal affidavit (the "Affidavit"), which appears to combine a typical attorney affirmation and a memorandum of law. (*See* Docket No. 81.) First, by numbered paragraph, the Affidavit purports to "annex[] . . . by reference" a number of documents previously filed with the Court, including all briefs, affidavits, and exhibits filed in connection with Potters' and Brabenec's motions for summary judgment. (*Id.* ¶¶ 2-4.) Next, without any

3

formal demarcation or transition to a new section, and without the continuation of numbered paragraphs, the Affidavit dives into Plaintiffs' allegations and Defendant's denials, describes the summary judgment standard applicable to the instant motion, and concludes with two paragraphs concerning the admissibility of certain evidence and damages, respectively.  (*Id.* at 2-5.)

Defense counsel's submission bears little resemblance to a memorandum of law, and with the exception of describing the summary judgment standard applicable to the instant motion, cites no legal authority in support of any of his contentions.  This "effectively places on the court the burden of conducting the initial legal analysis that is properly the responsibility of [D]efendant's counsel," *Wenzhou Wanli Food Co.*, 2000 WL 964944, at *3, and the Court declines to undertake such a task.

Defendant also violated Local Civil Rule 56.1.  Defendant's Rule 56.1 Statement consists of six numbered paragraphs (*see* Docket No. 79) – two paragraphs are purportedly supported by citation to admissible evidence, (*id.* ¶¶ 1-2), while the remainder fail to cite to any documents whatsoever.  Defendant concludes its 56.1 Statement with unnumbered paragraphs that "incorporate[] by reference" the 56.1 Statements of former defendants Potter and Brabenec, but does so without specific citation to any statements or evidence included therein.  In essence, Defendant asks the Court to hunt through the record to determine which statements of fact included in the prior defendants' 56.1 Statements, if any, could be applicable to the instant motion.  Although Defendant may believe otherwise, "judges 'are not like pigs[; they will not] hunt[] for truffles buried in briefs' or the record." *Potter v. D.C.*, 558 F.3d 542, 553 (D.C. Cir. 2009) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).  The Court is not Defendant's advocate and, again, declines to undertake such a task.

In sum, Defendant's filings violate Local Civil Rules 7.1 and 56.1. Though it is well-within the Court's discretion to deny with prejudice Defendant's motion for summary judgment for failure to comply with the Court's rules, *see, e.g., Avillan*, 2015 WL 728169, at *6, *Wenzhou Wanli Food Co.*, 2000 WL 964944, at *3-4, the Court declines to do so in the interests of justice and a preference to resolve dispositive motions on the merits. Defendant's motion for summary judgment is therefore denied without prejudice to re-filing at a later date, at which time the Court expects to receive a properly submitted motion in accordance with this Opinion and the Court's rules.[1]

## CONCLUSION

For the foregoing reasons, Defendant Access 23 TV's motion for summary judgment is DENIED without prejudice. Defendant is granted sixty days to re-file the motion in accordance with this Opinion. The Clerk of the Court is respectfully directed to terminate the motion at Docket No. 80.

Dated: September 15, 2015
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[1] Counsel is reminded to review this Court's Individual Practices, which require, among other things, submission of two courtesy copies of all motion papers to chambers. *See* Individual Practices, Rule (3)(D).